# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE LOMBARDO,**

    **Petitioner,**

**v.**                          **CIVIL ACTION NO. 1:04CV79**
                                    **(Judge Keeley)**

**KEVIN WENDT, Warden,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 30, 2004, the *pro se* petitioner, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he asserts the Federal Bureau of Prisons ["BOP"] improperly calculated his good conduct time ["GCT"].

The petitioner was convicted in the United States District Court for both the Southern District of New York and also for the Eastern District of New York. The petitioner indicates that he was sentenced on July 6, 1999, to 96 months incarceration and was sentenced on March 19, 2002, to 60 months incarceration.[1] Now he seeks relief in this Court, requesting that he be credited with the proper amount of GCT. According to the petitioner, he is entitled

---

[1] The petitioner does not indicate which of the district courts imposed the sentence in 1999 and which court imposed the sentence in 2002.

to 432 days of GCT instead of 376 days as the BOP has calculated. The petitioner asserts that the BOP is erroneously calculating GCT on the basis of time served instead of sentence imposed. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On December 16, 2004, Judge Kaull issued a Report and Recommendation recommending that Lombardo's petition be denied and dismissed with prejudice.

On January 3, 2005, this Court received objections from the petitioner. However, due to a clerical error, the Court was unaware that the petitioner had filed objections and adopted the R&R on January 4, 2005. On January 13, 2005, the petitioner moved this Court to reconsider its order in light of the objections being received before the order was issued. This Court granted the petitioner's motion and vacated its January 4, 2005 order.

The petitioner objects to the R&R on the following grounds. First, he reiterates his assertion that "term of imprisonment" refers to the sentence of an inmate, instead of the time actually served. Second, he argues that the context of the statute itself indicates that Congress intended "term of imprisonment" to mean "sentence." Third, he argues that, if the term is ambiguous, it should be construed in his favor under the rule of lenity. Fourth,

2

the petitioner argues that the decisions cited by the magistrate judge should be distinguished because the petitioner claims that they all dealt with prisoners only serving one year of imprisonment, not a multiple year term of imprisonment. Objection number five is a restatement of objection number one. Finally, the petitioner argues that the interpretation recommended by the Magistrate Judge and adopted by various circuits would amount to a repeal by implication.

This Court reviews any objections to the Report and Recommendation de novo but may adopt any parts of the R&R not objected to without detailed review. Lombardo's failure to object to the recommendation on an issue results in the waiver of his appellate rights on that issue.

**II. ANALYSIS**

**A. Exhaustion**

The petitioner has not exhausted his administrative remedies. Nonetheless, other courts have already found that requiring inmates to challenge the BOP's policy regarding calculation of GCT through the administrative process would be futile. See, e.g., Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004) and Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex.2003) (Mag. Report and Recommendation), adopted by 2003 WL 22724755 (N.D.Tex.2003). Thus, this Court finds

that futility excuses the petitioner's failure to exhaust his administrative remedies.

**B.   The Bureau of Prisons Properly Calculated the Petitioner's Good Time Credit.**

18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good time credits.  This section provides as follows:

(b) Credit toward service of sentence for satisfactory behavior.

> (1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree.  Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

> (3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.
> (4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. §3624(b) (emphasis added).

The BOP has interpreted the statute as directing the BOP to award inmates 54 days of good time credit for each year served and to prorate the amount of GCT for the last partial year. See 28 C.F.R. §523.20. The formula used by the BOP to determine good time credits is set forth in the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA.

Only a few courts have addressed the issue as hand. Although the Fourth Circuit has not addressed the issue, the Sixth, Seventh and Ninth Circuits have affirmed the manner in which the BOP calculates good conduct time. See White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); Williams v. Lammana, 2001 WL 11306069 (6th. Cir. 2001) (unpublished); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). District courts have also weighed in on this issue. See e.g., Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004); Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. 2004) (unpublished); and Martinez v. Wendt, 2003 WL 22724755 (N.D. Tex. 2003)

5

(unpublished). Despite the petitioner's assertions to the contrary, these cases do not deal exclusively with inmates sentenced to only one year in prison, as opposed to a multiple-year sentence. Therefore, the petitioner's objection on that ground is meritless.

In White, the court focused on the phrase "term of imprisonment" and stated as follows:

> if "term of imprisonment" refers to the sentence imposed, it becomes impossible to award the credit based on an annual year-end assessment of the prisoner's behavior. And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about. To interpret "term of imprisonment" as "sentence imposed" for purposes of awarding good-time credit would entitle an inmate to receive credit for good conduct in prison for time-perhaps several years of time - that he was not in prison.

390 F.3d at 1002.

The Seventh Circuit concluded that the phrase "term of imprisonment" is ambiguous and deferred to the BOP's reasonable interpretation of the statute. Id. at 1002-03.

In Brown, the petitioner argued that he should receive GCT in the amount of 15% of his sentence. 53 Fed. Appx. at 339. The Sixth Circuit found that the BOP follows 18 U.S.C. §3624(b)(1) by granting 54 days of credit for each year actually served and that the statute makes no reference to a 15% figure. Id. Thus, the

Sixth Circuit found that the BOP's interpretation of §3624(b) was reasonable.  Id.

In Williams, the petitioner alleged that the phrase "may receive credit toward the service of [his] sentence, beyond the time served" contained in §3624(b) should be interpreted as allowing him to receive good time credits based on the sentence imposed instead of the actual time of incarceration.  2001 WL 11306069 at *3.  The Sixth Circuit found that "[t]he statute clearly states that  good conduct time is awarded on the time served by the inmate, not on the time that might potentially be served by the inmate." Id.  Thus, the Sixth Circuit found that the BOP had properly calculated GCT.  Id. at *4.

In Pacheco-Camacho, 272 F.3d at 1270, the petitioner alleged that the BOP's regulations allowed him to receive only 47 days of GCT instead of 54 days.  The Ninth Circuit  found that the phrase "term of imprisonment" as used in §3624(b) is ambiguous and looked at the legislative history, which it found lent "additional support to the BOP's regulation."  Id.  The Ninth Circuit therefore concluded that the BOP's interpretation of §3624(b) was reasonable and entitled to deference as required by Chevron U.S.A. Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).  Pacheco-Camacho, 272 F.3d at 1270.  It further found that an interpretation

7

of the phrase "term of imprisonment" to mean "sentence imposed" would be inconsistent with the requirement to prorate good time credits during the last year of the term and would give the prisoner a windfall in his last year. Id. at 1271. Lastly, the Ninth Circuit found that the rule of lenity did not apply because the BOP has resolved the ambiguity in §3624(b) through its reasonable interpretation of the statute. Id. at 1272.

In Graves, 334 F. Supp. 2d at 908, the Western District of Virginia found the language of § 3624 to be ambiguous and the BOP's interpretation of the statute to be logical and reasonable. The court further stated that the White decision "goes against common sense and the reasoning of the majority of courts that have addressed this issue." Id.

Likewise, in Pasciuti v. Drew, 2004 WL 1247813 at *4, the Northern District of New York found §3624(b) to be ambiguous because it is unclear what amount of time should be used as the standard for prorating. However, the court also determined that the BOP's interpretation was reasonable because the statute states that the credit is to be given "at the end of each year of the prisoner's term of imprisonment." Id. at *1. The court then noted that "if GCT was awarded based on the term of imprisonment imposed

8

by a sentencing judge, an inmate may be awarded GCT for years on his initial sentence that he is not required to serve." Id. at *5.

This Court agrees with the other courts that have reviewed challenges to the BOP's calculation of GCT and, as those courts, finds that § 3624(b) is ambiguous and the BOP has properly interpreted the statute.

In finding that the statute is ambiguous, this Court has utilized the canons of statutory construction. In that regard, a court must first determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984). Despite the petitioner's objections to the contrary, the statute is ambiguous and must be further intepreted.


In interpreting a statute, courts do not construe the meaning of statutory terms in a vacuum. Instead, the words are interpreted "in their context and with a view to their place in the overall statutory scheme." Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809 (1989); Tyler v. Cain, 533 U.S. 656, 662 (2001). Further, "identical words used in different parts of the same act are

9

intended to have the same meaning." <u>Sorenson v. Secretary of Treasury</u>, 475 U.S. 851, 860 (1986)(<u>quoting</u> <u>Helvering v. Stockholms Enskilda Bank</u>, 293 U.S. 84, 87 (1934)). If the language in the statute is not clear, however, courts may resort to the legislative history to ascertain the meaning of the language. <u>Consumer Product Safety Commission v. GTE Sylvania, Inc.</u>, 447 U.S. 102 (1980).

The phrase which causes problems in §3624(b) is "term of imprisonment" because it is unclear whether the phrase means sentence imposed or time served. Clearly, the first two times the phrase is used in §3624(b) the phrase means sentence imposed. When the phrase is used the third time- "54 days at the end of each year of the prisoner's term of imprisonment"- the phrase is ambiguous. Thus, §3624(b) is ambiguous with regard to phrase "term of imprisonment."

Even looking at how the phrase "term of imprisonment" is used in §3624(a),[2] and finding that the phrase means sentence imposed, does not clarify the ambiguity because §3624(b) must be read in its entirety. The other portions of the statute provide that GCT is to

---

[2] 18 U.S.C. §3624(a) provides as follows:
(a) Date of release.--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner'' term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

be awarded at the end of each year of the prisoner's term of imprisonment, and that "credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. 3624(b)(1). Using a "sentence imposed" interpretation with regard to these clauses is not logical. Thus, contrary to the petitioner's objection that congressional intent is clear, the ambiguity remains.

This Court, thus, must look to the legislative history to determine the meaning of the statute. Continuing Appropriations, 1985 - - Comprehensive Crime Control Act of 1984 Sen. Rep. No. 98-225 (1984), reprinted in 1984 U.S.C.C.A.C. 312, 3329-30, provides that the changes made to §3624(b) in 1984 were intended to simplify the calculation of good time benefits and to decrease the prisoner's uncertainty about his release date. The prior law provided a different rate of good time credit for different lengths of sentences and gave prison officials the discretion to withhold or restore credits depending on the inmate's subsequent behavior.

While Congress may have intended the new system to simplify the calculation of GCT, it did not set forth how GCT was to be calculated. Moreover, Congress added the language that GCT was to

11

be awarded at the end of each year of the prisoner's term of imprisonment.

In Pacheco-Camacho, the Ninth Circuit provided additional insight regarding the Comprehensive Crime Control Act of 1984:

> While Congress intended the new system to be simpler than that under the previous law, it did not eliminate the proration of good time credits during the last year of the sentence. If Congress's sole goal had been simplicity, it could have chosen not to award any good time credits during the last year of imprisonment (as it does for sentences of a year or less), or to award the full fifty-four days regardless of whether or not the prisoner serves the full year in prison. Instead, Congress chose to tolerate the additional complexity in order to arrive at a more equitable result. Far from mandating Pacheco's interpretation, congressional desire to strike a balance between simplicity and fairness, as evidenced by legislative history, lends additional support to the BOP's regulation.

272 F. 3d at 1269-70.

Thus, the reasoning behind the Comprehensive Crime Control Act of 1984 does not clarify the ambiguity and the petitioner's objection regarding repeal by implication is unfounded.

After reviewing the legislative history, this Court concludes that an ambiguity exists about Congress's intent regarding the phrase "term of imprisonment" and must determine whether the agency's answer is based on a permissible construction of the statute. Chevron, 467 U.S. at 843. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation

of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." <u>Id.</u> at 843-44. Moreover, "when a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail." <u>Id.</u> at 866.

The BOP's method of calculating the good time credits applies the statute as it is written and is entitled to deference. Although the phrase "term of imprisonment" is ambiguous, the overall directive of Congress is clear; good time credit is to be calculated on the basis of time served instead of sentence imposed because §3624(b)requires the BOP to award credit only "at the *end of each year* of his term of imprisonment." (emphasis added). If a prisoner were awarded GCT based on the sentence imposed, he may be given GCT for years he is not required to serve. Thus, the majority of courts that have addressed this issue and this Court conclude that the BOP is properly calculating GCT based on time served instead of sentence imposed.

Finally, this Court takes up the petitioner's rule of lenity objection and finds that the rule of lenity does not apply. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." United States v. Bass, 404 U.S. 336, 347 (1971). The rule of lenity also applies in the civil context where an ambiguous statute had some criminal applications. See e.g., United States v. Thompson/Center Arms Co., 504 U.S. 505 (1992). "The rule of lenity applies only if 'after seizing everything from which aid can be derived, we can make 'no more than a guess as to what Congress intended.'" Reno v. Koray, 515 U.S. 50, 65 (1995)(internal citation omitted). The Supreme Court has noted that the rule of lenity "cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term." Taylor v. United States, 495 U.S. 575, 596 (1990). This Court agrees with the succinct statement of the court in Pasciuti that the rule of lenity does not apply:

> Because inconsistencies would arise if "term of imprisonment" were read as "sentence", Congress could only have intended the phrase to be used to mean years that an inmate is actually imprisoned. Therefore, while there is ambiguity stemming from the meaning of one phrase in the statute, when viewed in its entirety, § 3624(b) is not ambiguous and the rule of lenity does not apply.

Pasciuti v. Drew, 2004 WL 1247813, *6 (N.D.N.Y.).

**LOMBARDO V. WENDT**                                                    **1:04CV79**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

In conclusion, this Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation in its entirety and **ORDERS** that Lombardo's case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: September 28, 2007.

                                                /s/ Irene M. Keeley
                                                IRENE M. KEELEY
                                                UNITED STATES DISTRICT JUDGE